UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CURRY, #317329,                    )
                          Plaintiff,          )
                                              )        No. 1:17-cv-64
-v-                                           )
                                              )        Honorable Paul L. Maloney
JEFFREY WOODS,                                )
                          Defendant.          )
                                              )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner, Robert Curry, under 28

U.S.C. § 2254. On November 25, 2019, United States Magistrate Judge Ray Kent issued a

Report & Recommendation ("R&R") recommending that the Court deny Curry's petition

(ECF No. 14). This matter is now before the Court on Curry's objection to the R&R (ECF

No. 15). For the reasons to be discussed, the Court will overrule the objection and adopt the

R&R as the Opinion of the Court.

With respect to a dispositive motion, a magistrate judge issues a report and

recommendation, rather than an order. After being served with an R&R issued by a

magistrate judge, a party has fourteen days to file written objections to the proposed findings

and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the

statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district

court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In this case, Curry submitted the following objection: "Magistrate hasn't shown that the state court applied the proper standards of review applicable to the habeas claims and or that he's <u>not</u> being restrained in [sic]" (ECF No. 15). The objection ends there, so it is unclear what argument Curry is making; the Court will interpret the sentence in the spirit of 28 U.S.C. § 2254 as an objection that Magistrate Judge Kent failed to determine that Curry was not being restrained in violation of the Constitution or federal law.

Curry's first objection, regarding standards of review, lacks merit. At the district court stage, a party may not raise new arguments or issues that were not presented to the magistrate. *See Murr v. United States*, 200 F.3d 895, 902 at n. 1 (6th Cir. 2000). His habeas petition contains no references to the allegedly incorrect standards of review, let alone argument about why they are incorrect (See ECF No. 1). This objection is the first time Curry has made any reference to the standards of review applied by any Michigan court. The issue was not presented to Magistrate Judge Kent for review in the first instance, and therefore, it may not be raised as an objection to the R&R. *See id*. And even if Curry appropriately raised this

2

objection, a writ of habeas corpus cannot be issued simply because a relevant state court decision is erroneous or incorrect; it must be "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks removed)). Curry makes no argument that the state court decisions were objectively unreasonable, and the Court finds no error in the R&R's conclusion that the various state court decisions were not objectively unreasonable. For these reasons, this objection is overruled.

Curry's second objection appears to argue generally that Magistrate Judge Kent reached the wrong conclusion, but points to no discrete errors in the R&R's analysis. This Court is not required to address such a vague or general objection. *See Mira*, 806 F.2d at 637. However, the Court has reviewed the R&R and finds no errors in the analysis or the conclusion. Accordingly,

**IT IS ORDERED** that the November 25, 2019 R&R (ECF No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 15) is **OVERRULED**.

**JUDGMENT TO FOLLOW**.

Date:  December 20, 2019                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge